IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDY COLBERT,                        )
                                      )    2:10-cv-00747-GEB-GGH
            Plaintiff,                )
                                      )
      v.                              )    <u>ORDER CONTINUING FINAL</u>
                                      )    <u>PRETRIAL CONFERENCE</u>
WELLS FARGO HOME MORTGAGE, INC.,      )
                                      )
            Defendant.                )
_____       )

Defendant filed a "Unilateral Pretrial Report" on May 16, 2011, in which it states, *inter alia*:

2. On May 7, I sent an e-mail to Larry Lulofs, counsel for plaintiff, pointing out that we needed to confer about preparing the [joint pretrial statement ("JPS")]. I did not hear back from Mr. Lulofs, but last week I received a telephone call from Mr. Lulofs' office informing me that he had significant medical issues which probably would prevent him from doing anything with regard to the [JPS].

3. This case was removed from Solano County Superior Court. The basis for Federal jurisdiction was diversity of citizenship, with the amount in controversy under the allegations of the complaint being in excess of $75,000. However, after conducting discovery it has become apparent that the amount genuinely in controversy is in all probability only a small fraction of that figure; the claim at this point is limited to a possible refund of approximately $15,000 in payments allegedly made pursuant to a forbearance agreement. While Wells Fargo disputes that plaintiff is entitled to anything, it does appear that the amount in controversy may be insufficient to support Federal jurisdiction.

1

1        4.   In addition, Mr. Lulofs has previously indicated to me that he is going to not pursue some of the causes of action, such as fraud. However, these causes have not been dismissed, and therefore it is essentially impossible for me to estimate things like how long the case will take to try or what issues remain to be tried. If the case is limited to the refund issue, which would be a breach of contract claim, a bench trial should take one day at most.

        5.   Under the circumstances, it is respectfully suggested that both the pretrial and trial dates (August 23) be continued for something like two months. In the interim, the parties should be able to either settle the case or agree on a stipulation limiting the case to the breach of contract claim, which in turn could result in a remand to Solano Superior Court.

(ECF No. 15, 1:23-2:15.)

Therefore, the final pretrial conference set for May 23, 2011, is continued to commence at 1:30 p.m. on June 27, 2011. A **JOINT** final pretrial statement shall be filed no later than seven (7) days prior to the final pretrial conference, which shall address Defendant's averments concerning federal jurisdiction, specifically including the amount in controversy.

IT IS SO ORDERED.

Dated:  May 18, 2011

GARLAND E. BURRELL, JR.
United States District Judge